JETT, *execx.*, *v.* HEMPSTEAD, *execx.*

ATTORNEY AND CLIENT—*statute of limitations.* An action can not be maintained against an attorney at law, or agent, for money collected by him as such, until after a *demand* and *refusal* to pay over.

It is the duty of an attorney, or agent, who has collected money as such, to *give notice* of the fact to his client or principal within a reasonable time.

Upon receiving such notice, the principal or client is bound to make demand within a reasonable time, and if he omits to do so, he puts the statute of limitations in motion.

If the attorney neglects to notify his client, the latter may maintain suit without previous demand.

The statute will *not* commence to run unless the client has notice by some means; unless the attorney can show that the client could, by ordinary diligence, have known of the collection.

The statute of limitations does not begin to run until there is a complete present cause of action.

TERM, 1869.]     Jett, *execx., v.* Hempstead, *execx.*

*Appeal from Hempstead Circuit Court.*

Hon. GEORGE W. McCOWN, Circuit Judge.

GALLAGHER & NEWTON, for appellant.

Statutes of limitations are now favorably regarded by courts of justice as a means of suppressing litigation, &c. *Hawkins v. Campbell*, 1 *Eng.*, 513.

No trust relation existed in this case. *Denton v. Embury*, 5 *Eng.*, 228, where the decision was between attorney and client. *Peay v. Ringo*, 22 *Ark.*, 68.

Appellee's claim is barred by statute of *non-claim*, in not having been presented within two years after the death of Jett. 2 *Eng.*, 78; 14 *Ark.*, 237; 13 *Ark.*, 507; 1 *Eng.*, 14; 17 *Ark.*, 533; 18 *Ark.*, 334; 20 *Ark.*, 79.

FAY HEMPSTEAD and GARLAND & NASH, for appellee.

The statute of limitations does not begin to run against an agent or attorney until demand is made upon him. *Taylor v. Spears*, 3 *Eng.*, 429; *Denton v. Embury*, 5 *Eng.*, 233; *Sevier v. Holliday*, 2 *Ark.*, 512; *Taglor v. Bales*, 5 *Cow.*, 376; *Sneed v. Handley*, Hempstead C. C. Rep., 660, *and notes.*

WILSHIRE, J.

This was a proceeding instituted in the probate court of Hempstead county, by Elizabeth Hempstead, as executrix of Samuel H. Hempstead, deceased, against Hester Jett, as executrix of Benjamin P. Jett, deceased, for the allowance and classification of a demand based upon a receipt of Benjamin P. Jett, for certain collections placed in his hands by Samuel P. Hempstead.

The defendant, in the probate court, interposed the plea of

statute of limitations, to which issue was joined, and the case submitted to the court, which allowed the claim, and classed it in the fourth class of claims, for the sum of $50, with six per cent. interest from the 19th day of December, 1855, and the sum of $600, with interest at six per cent., from the first day of March, 1856, which, on appeal to the circuit court, was in all things affirmed.

The claim was duly authenticated, and rejected by the executrix of Benjamin P. Jett, and the aid of the probate court invoked to obtain its allowance and classification.

On the trial the plaintiff filed the claim sought to be allowed, which appears in the transcript as follows:

"Benjamin P. Jett, to the estate of Samuel H. Hempstead, Dr.

" For amount of note on R. H. Winn for $50, 6 per cent. interest from 19th December, 1855.

" Amount of accepted draft on B. F. Ryburn for $600, 6 per cent. interest from March 1, 1856."

To which demand was attached a memorandum receipt as follows:

" S. H. Hempstead has left with me, to be collected for his benefit, a note on R. H. Winn for $50, dated December 18, 1855, due said Hempstead one day after date; also, the accepted draft of B. F. Ryburn for $600, on first day of March, 1856, payable to said Hempstead.

" Signed:          BENJ. P. JETT."

The first question to be determined is that raised by the plea of the statute of limitations. It is admitted, by the agreed statement of facts copied into the transcript:

1. That Samuel H. Hempstead died in the year 1862.

2. That the plaintiff is executrix.

3. That the signature to the receipt is in the proper handwriting of B. P. Jett.

4. That a demand was made on the executrix of the will of Jett, for the note or draft in said receipt specified, on or about

the 4th or 5th day of May, 1866, before the claim was presented for allowance, and that neither said note or draft could be found among Jett's papers.

5. That Jett departed this life in 1865.

6. That defendant is his executrix.

7. That Daniel R. Winn, a witness for the plaintiff, testified that he executed the note for $50, as specified in the receipt to said Hempstead, and that, some time in 1856, he paid the same to Jett.

8. That W. W. Andrews testified that he knew Ryburn; that he left the State for Texas in the year 1858 or 1859; that, before he left, he sent for him to settle up the business between them; that Ryburn did so by giving a draft on a house in New Orleans, and that said draft was paid, and, from information, he thought Ryburn dead.

The record does not disclose whether Jett was an attorney or a collecting agent; but it is evident that, by giving the receipt he did for the collection, he became the agent of Hempstead, for the purpose of collecting the note and draft received by him, and collecting a part of them, as is shown by the testimony of Winn, he so acted.

It is true the receipt bears no date; but, from the agreed statement of the parties as to the testimony, it appears that Winn, some time in the year 1856, paid to Jett the amount of the $50 note specified in the receipt, and from that fact the conclusion is reasonable that the receipt was given by Jett prior to that payment.

The appellant insists that this action is for money had and received, and not on an instrument in writing. We think it is immaterial, so far as relates to the question of the statute of limitations in this case is concerned, whether the action was for money had and received, or was on an instrument of writing. It is well known, to every member of the legal profession, that the statute of limitations does not commence to run until there is a complete present cause of action; then it only remains for us to determine when the cause of action in

this case accrued; when it was complete. An action may be said to have accrued when the plaintiff has a right to commence it. This court have heretofore held that an action can not be sustained against an attorney at law, and the same rule would apply to an agent, for money collected by him for his clients, until after a special demand has been made by the client, or some one duly authorized by him to make the demand, and a refusal to pay over or remit, after instructions. *Cummins v. McLain & Badgett,* 2 *Ark.,* 412 ; *Sevier v. Holliday, ib.,* 512 ; *Palmer & Southmayed v. Ashley & Ringo,* 3 *Ark.,* 75 ; *Taylor v. Spears,* 6 *Ark.,* 381, and 8 *Ark.,* 434 ; *Warner v. Bridges,* 6 *Ark.,* 385. This doctrine seems to be universally held by all the courts of this country. But it must be borne in mind that it is in cases where the attorney has faithfully performed his duty, by giving his client timely notice of his action, &c.

It is the duty of an attorney or agent, who has collected money for or on account of his client or principal, to give notice within a reasonable time of the fact. *Story on Agency, sec.* 208. When the principal has received such notice, he is bound to make demand of it within a reasonable time, and if he omits to do so, he puts the statute in motion; and when he suffers the time which it limits to expire, without bringing suit, is concluded by his laches.

But where an attorney or agent has collected money, and neglects to advise his client or principal of the fact, although his client or principal might maintain suit against him without demand, on the principle of his bad faith, the statute of limitations will not commence to run until the client or principal has notice by some means that his attorney or agent has collected the money, unless the attorney or agent shows affirmatively, by satisfactory evidence, that his client or principal could, by the exercise of ordinary diligence, have known that the money had been collected, and was in the hands of the attorney or agent. And this, we think, is so, because the attorney, or agent, by concealing the fact of the collection, commits a fraud upon his client, or principal ; and in this view

of the case we are supported by the case of *Riddle v. Murphy,* 7 *S. and R.,* 235.

In the case of *McDonald v. Potter,* 8 *Barr.,* 189, the court said: "The principle ruled in the case of the *Harrisburg Bank v. Foster,* 8 *W.,* 16, applies here. As in that case, an attorney stands in a fiduciary character, and, before he can be permitted to avail himself of the defense, he must prove that he performed his duty, and his omission to do so amounts to such concealment of the state of the business as in contemplation of law is such a fraud as to deprive him of the protection of the statute, and makes it necessary to prove payment of the debt, as in other cases." The same principle is held in *Jennings, et al., v. McConnel, et al.,* 17 *Ill.,* 150.

The testimony of Winn shows that Jett collected of him, for Hempstead, some time in the year 1856, the amount of the note for $50, described in Jett's receipt. There is no evidence that Jett, in his lifetime, or his executrix, since his death, gave any notice to Hempstead while living, or to his executrix since his death. Nor is there any testimony to show that Hempstead, while living, or that his executrix, might have obtained the knowledge of the collection being made by the use of ordinary diligence; and although we are of opinion that in such a case the attorney, if he would avail himself of the statute, is required to furnish proof of notice to his client; yet he may shield himself behind the statute, against a demand of long standing, by satisfactory evidence that his client could, by the use of ordinary diligence, have obtained the knowledge that the money had been collected, and was in the hands of his agent or attorney.

It follows, then, that the onus is thrown upon the defendant to prove that the plaintiff, or her testator, had notice of the collection, or that such information could have been had by the use of ordinary diligence by the plaintiff, or her testator. It may be said that it would be difficult in some cases for an attorney or agent to furnish the requisite evidence; but this is sufficiently answered in the case of *McDonald v. Potter,* which

we quote with approbation. There the court said: "In some cases it may be, yet the cases in which an attorney of ordinary care will be exposed to any risk on that account, will be rare; and, at any rate, it is as easy to furnish affirmative proof, and as reasonable to require it, as to hold that the plaintiff shall be compelled to prove negatively that he was altogether uninformed of the receipt of the money."

We have carefully examined the case of *Denton's Exrs. v. Embury & Young*, 10 *Ark.*, 228, and the authorities there cited, and fully concur in all of the opinion of the court, except so much as puts the onus on the plaintiff of proving fraud, further than the fact is established by the evidence in the case, that the defendant collected the money, and held it, without communicating the fact to the plaintiff, within reasonable time, or making effort to do so.

We are now brought to the merits of the case.

The testimony shows that Jett collected, some time in 1856, the note of Winn for $50, due December 19, 1855. There is no evidence that he collected the accepted draft for $600, specified in his receipt to Hempstead, nor does the transcript disclose evidence to show the failure to collect the draft was the result of negligence, or want of skill on the part of Jett.

We are of opinion that it was incumbent on the plaintiff to have shown, by competent evidence, that, by the exercise of reasonable diligence, the draft could have been collected; and, until such evidence was produced, the defendant was not called upon to prove that the draft could not have been collected by the exercise of reasonable diligence.

This doctrine has been held by this court in every case where the question has been presented.   2 *Ark.*, 512; 3 *Ark.*, 75; 11 *Ark.*, 212.

We are of opinion that the evidence before the probate court was not sufficient to warrant the judgment of allowance of that part of the plaintiff's demand based upon the acceptance of Ryburn for $600, and that the circuit court erred in affirming the

judgment of the probate court; and for this error the judgment of the court below is reversed, and the cause remanded, to be proceeded in *de novo*.