## LEIGH *v.* WILLIAMS.

### Opinion delivered June 5, 1897.

LIMITATION—RECOVERY OF MONEY COLLECTED BY ATTORNEY.—An action by a client to recover from his attorney an amount collected by the latter for him will be barred unless suit is brought within three years after the client received notice of such collection.  (Page 167.)

Appeal from Lafayette Circuit Court.

CHARLES W. SMITH, Judge.

#### STATEMENT BY THE COURT.

This action is a claim against the estate of C. Leigh, deceased, in favor of the estate of Thomas J. Harvey, deceased, which was tried in the Lafayette circuit court on appeal from the probate court of Lafayette county; said claim having been presented to and disallowed by the administratrix of the estate of Leigh, on the 20th day of September, 1894. The items of said claim, copied in full therefrom, are as follows:

1887.

| | | |
|---|---|---|
| Sept. 30. | To Stone & Moore note, collected by you as my attorney, and interest seven years at 6 per cent.................$ 192 | 87 |
| "    " | To William Bethany note, collected and not accounted for, with interest for seven years.................... 132 | 77 |
| "    " | To W. G. Lewis note, collected and proceeds retained. Interest on same seven years........................ 60 | 00 |
| "    " | To your note due said estate and paid. Interest seven years .......   .................................. 6 | 72 |
| | To one-half coms. on first settlement................. 28 | 73 |
| 1888. | | |
| Aug. 20. | To one-half coms. on second settlement ............... 6 | 99 |
| 1889. | | |
| July  24. | To one-half coms. on third settlement........... ..... | 95 |
| 1890. | | |
| | To one-half coms. on fourth settlement................ 25 | 95 |
| | To money given you to make full settlement with said estate............................................$ 200 | 00 |
| | Total.......................................................$ 859 | 57 |

(Proper addition gives $654.98 in place of $859.57, as claimed.)

Claim was filed in probate court October 22, 1894. Defendant filed an answer denying the indebtedness, and spe-

cially pleading the statute of limitation to each and every item of said claim. Trial was had October 30, 1894, and said claim was allowed in sum of $552.50, and an appeal was taken to Lafayette circuit court. Demurrer was filed to claim in circuit court and overruled. Trial was had before court July 30, 1895. The cause was submitted, and the court found defendant indebted to plaintiff in the sum of $392.77, without specifying upon which items of the claim said finding was based; the amount of the finding being, however, for aggregate sum of Bethany note ($132.77), Lewis note ($60), and money given to make full settlement with estate ($200), as set out in claim. Judgment was rendered in accordance with finding, motion for new trial filed and overruled, and exceptions saved. Bill of exceptions tendered, approved and signed, and appeal regularly taken to this court.

*Henry Moore*, for appellant.

The demurrer should have been sustained to the first seven items. These are barred on their face. 31 Ark. 684; 46 *id.* 438. The first three are barred, even if Leigh did receive these items as an attorney. 10 Ark. 228; 25 *id.* 462; 29 *id.* 96. The law presumes that every man in his private and official character does his duty until the contrary appears. 12 Wheaton (U. S.), 70; 11 Ark. 228. There is no proof to sustain the charge that the money was not applied as directed.

HUGHES, J., (after stating the facts.) It appears from the above account that the last item thereof in point of time, except the item of two hundred dollars bears date July 24, 1890. It appears from the evidence that C. Leigh, against whose estate the same was allowed, died on the 7th day of September, 1893, more than three years after the right of action accrued upon the account, and therefore the right of action thereon was barred, unless it appears that C. Leigh, who was an attorney for Williams in his lifetime, received the sums composing the items of the account as such attorney, and failed to account for them, or to notify Williams of their collection, in such way as to start the statute of limitations—unless Williams made demand therefor in a reasonable time after notice of collection.

In *Whitehead* v. *Wells*, 29 Ark. 108, this court decided that: "While it is true, as directed by this court in the case of *Jett* v. *Hempstead*, 25 Ark. 462, that an action cannot be maintained against an attorney or agent for money collected by them [him] as such, until demand and refusal to pay over, or neglect of attorney to notify his client of the collection; yet, as decided in that case, if the client has notice of the collection, he must make his demand in a reasonable time. If he neglects to do so, he puts in motion the statute of limitations, and if the client could, with ordinary diligence, have known of the collection, the statute will begin to run after the lapse of a reasonable time for demand."

It appears in testimony of Bethany that, in the fall of 1887, he notified Mr. Williams that he had paid his note to Leigh. From the testimony of Lewis, it appears that he bought personal property of Harvey's estate, of which appellee was administrator; that he executed a note for the amount of his purchase, and paid it to Leigh; that Leigh told Williams on the day after the sale to deliver the property to him (Lewis); that the note was payable to Leigh, and was for property bought at the sale; that he paid the note, when due—about ten years before testifying. The note it appears was due September 30, 1886. These payments to Leigh, as attorney of Williams as administrator of the Harvey estate, were made more than three years before Leigh died—7th September, 1893; and we think the evidence shows that Williams was notified or had notice of these payments to Leigh, and there is no evidence that any demand was made upon Leigh in his lifetime. The claim was presented to the administratrix of C. Leigh's estate for allowance to September 20, 1894, and disallowed. This was one year after Leigh's death. We are of the opinion that the claims for the amounts of the Bethany note and the Lewis note, as charged in th e account, were clearly barred by the three- years statute of limitations.

As to the item of Stone and Moore on the account, we think the proof fails to show that any of the amount of same ever came to the hands of Leigh.

Plaintiff testified that "Stone and Moore bought at said sale goods to amount of one hundred and twenty-two dollars·

No note for this amount ever came to my possession. I never collected anything on same." He stated that some of the purchasers at the sale gave the notes they executed to Mr. Leigh. This is the substance of all the evidence in reference to the collection of this claim. This testimony falls short of showing that Leigh collected anything on the note or purchase of Stone and Moore. The evidence is wanting to support this item in the account.

As to the other items, save that of two hundred dollars, there does not seem to be any proof to charge the estate of Leigh. The plaintiff seems to have abandoned these. As to the two hundred-dollar item of the account, there is no evidence in the record showing on what account it was paid to Leigh. But if it may be presumed that it was to complete the settlement of Williams as administrator of Harvey's estate, for whom Leigh was attorney, the evidence in the case shows that the body of various vouchers for considerable amounts, with the indorsements thereon, for sums paid to parties who had proved claims against the Harvey estate, were in the handwriting of Leigh, and some of the payments are shown to have been made by Leigh. We do not think that it is a tenable presumption that, because Leigh was paid two hundred dollars by Williams, when there is no evidence on what account it was paid, it was the money of Harvey's estate, or, if it was, that he appropriated to his own use, and failed to account for it or pay it out upon the debts of the estate, for which purpose it is assumed it was paid to him.

We are of the opinion that the judgment should be reversed, and the cause remanded for a new trial.

BATTLE, J., did not participate in this case.